**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4432**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS ANTONIO BLANKS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Chief District Judge. (7:18-cr-00107-BO-2)

Submitted: February 27, 2020                    Decided: April 20, 2020

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

Jamie L. Vavonese, VAVONESE LAW FIRM, PC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Antonio Blanks pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2018), possession with intent to distribute a quantity of cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2018). On appeal, Blanks' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether Blanks' sentence is procedurally reasonable. Blanks was notified of his right to file a pro se supplemental brief but has not done so, and the Government has elected not to respond to the *Anders* brief. For the following reasons, although we affirm Blanks' convictions, we vacate Blanks' sentence and remand for resentencing.

This court reviews criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). "In determining procedural reasonableness, we consider, among other things, whether the court . . . considered the 18 U.S.C. § 3553(a) [(2018)] factors, and sufficiently explained the selected sentence." *Id.* "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). This standard requires the district court to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has

2

rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). Rather, "the district court must provide some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553[a]." *Ross*, 912 F.3d at 744 (internal quotation marks omitted). Furthermore, if the district court "could have made precisely the same statements in support of a different sentence," then the explanation is inadequate, and we will remand for resentencing. *Blue*, 877 F.3d at 519 (internal quotation marks omitted).

After reviewing the record, we conclude that Blanks' sentence is procedurally unreasonable. The district court did not indicate that it had considered the § 3553(a) factors, nor did it make any statements clearly "plac[ing] on the record an individualized assessment based on the particular facts of the case before it." *See United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). Furthermore, the district court failed to respond to any of Blanks' non-frivolous arguments in mitigation— including that he had not previously spent time in custody, had a limited criminal history, and had immediately accepted responsibility for his conduct upon arrest—although our precedent required it to do so. *See Ross*, 912 F.3d at 744. Therefore, it is impossible for us to ascertain the rationale behind the imposed sentence without "impermissibly speculat[ing] as to the reason for the district court's sentencing decision." *Id.* at 745.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no further meritorious issues for appeal. We therefore affirm the convictions but vacate Blanks' sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*